UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 3:04-CR-287(AHN) |
| | : | |
| DOMINIC VINCENT GENTILE | : | |
| | : | |

## RULING ON MOTION FOR RECONSIDERATION

Now pending before the court is Dominic Vincent Gentile's ("Gentile") pro se motion for reconsideration of the denial of his motion for early termination of his supervised release period [doc. # 29]. For the reasons given below, the court denies the motion.[1]

Gentile pleaded guilty to a one-count information charging him with conspiring to engage in an illegal gambling business, in violation of 18 U.S.C. §§ 371 and 1955, and the court sentenced Gentile to a three-year term of probation and ordered him to pay a $7,000 fine. Gentile's supervision began on March 15, 2005 and is scheduled to end on March 14, 2008.

In February 2007, Gentile, through a letter submitted by his counsel, moved the court for early termination of his supervised release period in order to allow him unrestricted travel to visit his father, who recently underwent surgery for prostate cancer. Under the current conditions of Gentile's release he must receive

---

[1] For purposes of this ruling, the court will only relate those facts necessary to address the present motion.

approval from the Probation Office or the court to travel outside the District of Connecticut.

Title 18 U.S.C. § 3564(c) authorizes the court to grant early termination of supervised release after considering the sentencing factors set forth in 18 U.S.C. § 3553(a) and concluding that early termination "is warranted by the conduct of the defendant and the interest of justice." "Such relief is warranted only '[o]ccasionally,' when 'changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" United States v. Weintraub, 371 F. Supp. 2d 164, 166 (D. Conn. 2005) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

On February 27, 2007, the court denied Gentile's motion because he failed to demonstrate that his continued employment or compliance with the conditions of supervised release constituted "extraordinary conduct." See United States v. Medina, 17 F.

Supp. 2d 245, 247 (S.D.N.Y. 1998).[2] Further, the court concluded that while his father's illness was a regretful development, it did not constitute an exceptional circumstance worthy of lifting the travel restrictions, especially considering that the Probation Office assured the court that it would continue to efficiently review Gentile's requests for travel and promptly inform the court regarding any requests for international travel.

In May 2007, following the court's denial of his motion for early termination ruling, Gentile wrote to the court requesting that it reconsider its previous decision.[3] In support of reconsideration, Gentile states that he has demonstrated "extraordinary conduct" because he has paid his fine, maintained

---

[2] As stated in the court's previous ruling, Gentile has not been entirely compliant with his conditions of supervised release. In October 2005, Gentile traveled outside the continental United States without permission from the Probation Office or the court. The court believes, based upon information presently known, that Gentile has remained compliant since that incident.

[3] Gentile's letter does not cite a rule under which he moves the court for reconsideration, but to the extent that such a motion is possible, the court finds Fed. R. Civ. P. 60(b) most appropriate because Gentile sent this letter more than 10 days after this court's denial of his previous motion for early termination. Cf. Fed. R. Civ. P. 59 (requiring a motion to alter or amend a judgment to be filed "no later than 10 days after entry of the judgment"). Of the grounds for relief described in Rule 60(b), the court only finds subsection (6), which provides relief for "any other reason," potentially applicable to Gentile's motion. Under this subsection, however, relief is only available for "extraordinary circumstances" or "extreme hardship," see Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004), and the court finds for the reasons given herein that Gentile has not demonstrated either.

successful employment, and continued stable and supportive relationships with his girlfriend and family.  While Gentile's continuing efforts are laudable and the court hopes he will remain, as he says, a "hard working, responsible, financially stable, and . . . supportive and stable member of the community," the conduct Gentile cites amounts to compliance with the conditions of supervision, not "extraordinary conduct" worthy of early termination.  Compliance "with the terms of his supervision is . . . ultimately . . . what is expected of him."  Medina, 17 F. Supp. 2d at 247.  Moreover, as discussed in the court's previous ruling, "continuation of Gentile's supervised release period, including travel restrictions, will allow the Probation Office and the court to monitor Gentile's conduct in the community."  Nothing contained in Gentile's letter has altered this court's view that given the seriousness of Gentile's offense, including his involvement with organized crime, and his criminal history,[4] a three-year period of supervised release remains appropriate.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Gentile's motion for reconsideration of the denial of his motion for early

---

[4] In 1985, Gentile pleaded guilty in state court to a reduced charge of attempt to possess gambling records and paid a $250 fine in lieu of 30 days in jail.

termination of his period of supervised release [doc. # 29].[5]

SO ORDERED this 5th day of July, 2007, at Bridgeport, Connecticut.

/s/
Alan H. Nevas
United States District Judge

---

[5] Before deciding this motion, the court sought the input of both the Probation Department and the Assistant United States Attorney. They concur that the circumstances presented by Gentile do not warrant early termination.